**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.

SYNCORA GUARANTEE INC.,

      Plaintiff,

v.

CITY OF TRINIDAD, COLORADO,

      Defendant.

---

### COMPLAINT

---

Plaintiff, Syncora Guarantee Inc. ("Syncora"), by and through its undersigned counsel, alleges, on personal knowledge or upon information and belief as follows:

#### The Parties

1.      Syncora is a New York stock insurance company with a principal place of business at 135 West 50th Street, New York, New York. Syncora was formerly known as XL Capital Assurance Inc.

2.      The City of Trinidad, Colorado ("Trinidad") is a municipal corporation and political subdivision of the State of Colorado.

#### Jurisdiction and Venue

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events and/or omissions giving rise to the claim(s) in this action occurred in this district, and because Trinidad is subject to the Court's personal jurisdiction in this district.

**Background**

5.     Non-party Arkansas River Power Authority ("ARPA") is a public power authority and a political subdivision of the State of Colorado.

6.     Syncora is a financial guarantee insurer that issues insurance policies to, among other things, insure the prompt payment of bonds issued by municipalities and other local governmental entities, such as ARPA.

7.     Trinidad is a member of ARPA, along with five other Colorado municipalities: Holly, Springfield, La Junta, Lamar, and Las Animas.

8.     ARPA was formed on November 8, 1979 pursuant to an Organic Contract Creating and Establishing the Arkansas River Power Authority as a Separate Governmental Entity (the "Organic Contract").  Each of ARPA's member municipalities has executed the Organic Contract.

9.     As a member of ARPA, Trinidad has at all times had two representatives on ARPA's board of directors.

10.     ARPA supplies electricity to its constituent municipalities pursuant to an Agreement for the Supply of Electric Power and Energy to Municipal Members of the Arkansas River Power Authority, dated December 13, 1983, as amended (the "Power Supply Agreement"). Trinidad, along with the other members of ARPA, is a signatory to the Power Supply Agreement.

11.     Under the Power Supply Agreement, the members of ARPA, including Trinidad, promised to "purchase and receive from [ARPA] all power and energy which [they] shall require for the operation of [their] municipal electric system."  Power Supply Agreement at § 7.

12.     Because it is a governmental entity created for the express purpose of providing wholesale electricity and related services to its constituent municipalities, ARPA receives no income other than payments for the electricity and related services it provides.

13.     The Power Supply Agreement obligates each of ARPA's member municipalities to set utility rates high enough to be able to pay ARPA for power and to pay for any ARPA debt service.

14.     To obtain the funds necessary to carry out capital-intensive projects, such as the construction of electricity generation or transmission facilities, ARPA must issue bonds.

15.     In 2004, ARPA announced plans to convert an existing natural gas-fired generator in Lamar, Colorado to a coal-fired facility (the "Repowering Project").  Trinidad's representatives on ARPA's board of directors voted in favor of the Repowering Project.

16.     To raise the funds necessary for the Repowering Project, ARPA issued several series of bonds.

17.     More specifically, in February 2006, ARPA issued $87.7 million of Power Revenue Improvement Bonds, Series 2006 (the "Series 2006 Bonds").

18.     In July 2007, ARPA issued an additional $28.575 million of Power Revenue Improvement Bonds, Series 2007 (the "Series 2007 Bonds" and, together with the Series 2006 Bonds, the "Bonds"), which were also intended to support the Repowering Project.

19.     Again, Trinidad's representatives on ARPA's board of directors voted in favor of issuing the Bonds.

20.     In addition, Trinidad's city council adopted resolutions approving the issuance(s) of the Bonds by ARPA.

21.     On February 16, 2006 and July 31, 2007, in connection with the Repowering Project, Syncora issued in favor of ARPA two municipal bond insurance policies (policy numbers CA02753A and CA03908A), which guaranteed payment of principal and interest on the Series 2006 Bonds and the Series 2007 Bonds, respectively (the "Bond Insurance Policies").

22.     Syncora also issued a Debt Service Reserve Insurance Policy on the Series 2006 Bonds on February 15, 2006, policy number CA02753B (the "Reserve Insurance Policy" and, together with the Bond Insurance Policies, the "Insurance Policies").

23.     Syncora entered into a Financial Guaranty Agreement with ARPA, dated February 15, 2006 (the "Financial Guaranty"), which sets forth further obligations between ARPA and Syncora in reference to the Reserve Insurance Policy and the Series 2006 Bonds.

24.     In the Bond Insurance Policies, Syncora agreed that, under specified circumstances, it would make payments of principal and interest to the holders of the Bonds if ARPA were to fail to make those payments.  In the Reserve Insurance Policy, Syncora agreed that, under specified circumstances, it would provide moneys sufficient to satisfy the requirements of the Debt Service Reserve Fund established as part of the security for the payment of the Series 2006 Bonds.

25.     Altogether, Syncora is the insurer of over $110 million of ARPA Bonds.

26.     ARPA and its constituent municipalities amended the Power Supply Agreement in conjunction with the issuance of the Bonds.

27.     Syncora issued the Insurance Policies and entered into the Financial Guaranty in reliance on the amended provisions of the Power Supply Agreement, and on the representations

that ARPA and its members, including Trinidad, would comply with their obligations under the Power Supply Agreement.

28.     Section 24.2 of the Power Supply Agreement, as amended, states that

> Each Participant acknowledges that, upon the issuance of the Lamar Repowering Project Bonds, the owners of such Bonds and the issuer of any policy of municipal bond insurance guaranteeing the payment, when due, of the principal of and interest on such Bonds, will be third-party beneficiaries of the terms and provisions of this Agreement.

29.     The Power Supply Agreement, as amended, explicitly names Syncora, the municipal bond insurer for the Bonds, as an express third-party beneficiary.

30.     Despite the promises it made and agreed to be bound by in the Power Supply Agreement, Trinidad is now seeking to leave ARPA and to repudiate its agreement to purchase power from ARPA.

31.     Specifically, on March 2, 2011, Trinidad filed a complaint against ARPA in the District Court for Las Animas County, Colorado District, captioned as *City of Trinidad, Colorado v. Arkansas River Power Authority*, Case No. 2011cv30 (the "ARPA Litigation").

32.     In the ARPA Litigation, Trinidad seeks, among other things, the termination of its membership in ARPA and a declaratory judgment vacating the promise Trinidad made in the Power Supply Agreement to buy power from ARPA.

33.     In short, Trinidad seeks to avoid its obligations under the Organic Contract and the Power Supply Agreement.

34.     In addition, Trinidad has taken steps to purchase electricity from sources other than ARPA.

35.     For example, Trinidad has talked with other electricity providers about buying electricity from them, and Trinidad has talked with other municipalities about buying electricity together with them.

36.     Ultimately, Trinidad is actively undermining the economic viability of ARPA.  If Trinidad is successful in leaving ARPA and avoiding its power purchase obligations under the Power Supply Agreement, the economic viability of ARPA will be threatened.

37.     As set forth above, if ARPA is unable to make the principal and interest payments on the Bonds, Syncora will be called upon to do so.

38.     All conditions precedent to Syncora's claims have occurred or been performed.

**COUNT I**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

39.     Syncora incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

40.     The Power Supply Agreement contains an implied covenant of good faith and fair dealing.

41.     The Power Supply Agreement's implied covenant of good faith and fair dealing is designed to effectuate the reasonable expectations of the parties thereto, including Syncora as an express third-party beneficiary of the contract.

42.     It has always been Syncora's reasonable expectation that Trinidad would keep the promises it made in the Organic Contract and the Power Supply Agreement and continue to purchase its power needs from ARPA.

43.     Trinidad has breached the Power Supply Agreement's implied covenant of good faith and fair dealing by attempting to repudiate its membership in ARPA.

44.     Trinidad has breached the Power Supply Agreement's implied covenant of good faith and fair dealing by attempting to repudiate the contractual promise it made in the Power Supply Agreement to purchase power from ARPA.

45.     Trinidad has breached the Power Supply Agreement's implied covenant of good faith and fair dealing by taking steps to purchase electricity from sources other than ARPA.

46.     Syncora has been damaged by Trinidad's breach of the Power Supply Agreement's implied covenant of good faith and fair dealing in an amount to be determined at trial, in excess of the jurisdictional minimum.

## COUNT II
## ANTICIPATORY BREACH OF CONTRACT

47.     Syncora incorporates the foregoing paragraphs of this Complaint, as if fully set forth herein.

48.     The Power Supply Agreement is a binding, enforceable contract.

49.     Syncora is a third-party beneficiary of the Power Supply Agreement.

50.     The Power Supply Agreement requires Trinidad to purchase all its requirements for electricity from ARPA.

51.     Trinidad has unequivocally expressed its intent not to perform fully its obligation to purchase electricity from ARPA as required by the Power Supply Agreement.

52.     Trinidad has taken affirmative steps toward procuring electricity from sources other than ARPA, in violation of the Power Supply Agreement.

53.     When Trinidad breaches the Power Supply Agreement, Syncora, ARPA, its other member municipalities, and the holders of the Bonds will suffer irreparable damage.

54.     Syncora has accordingly been damaged by Trinidad's anticipatory breach of the Power Supply Agreement in an amount to be determined at trial, in excess of the jurisdictional minimum.

WHEREFORE, Syncora Guarantee Inc. respectfully prays that judgment enter in its favor and against the City of Trinidad on each and every count of this Complaint, that Syncora be awarded costs and reasonable attorneys fees, and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted this 21st day of May, 2013.

Francis M. Correll, Jr., Esq. (admission pending)
Matthew J. Borger, Esq. (admission pending)
KLEHR | HARRISON | HARVEY |
  BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania  19103
Phone/Fax:  (215) 569-2700/568-6603
E-mail:  *fcorrell@klehr.com*, *mborger@klehr.com*


 s/ *Matthew J. Rita*
Matthew J. Rita, Esq.
FOX ROTHSCHILD LLP
1200 17th Street, Suite 975
Denver, Colorado  80202
Phone/Fax:  (303) 446-3840/446-3841
E-mail:  *mrita@foxrothschild.com*

*Attorneys for Plaintiff*

Plaintiff's Name and Address:
Syncora Guarantee Inc.
135 West 50th Street
New York, New York  10020